The document below is hereby signed.

Signed: March 27, 2020



_____S. Martin Teel Jr._____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DANIEL ELIJAH WOOD, | ) | Case No. 20-00065 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING DEBTOR'S THIRD
MOTION TO EXTEND DEADLINE TO FILE MISSING CASE-OPENING DOCUMENTS

The debtor, Daniel Elijah Wood, commenced this case on February 5, 2020, and it has now been pending more than 45 days with Wood not having filed schedules and certain other papers required by 11 U.S.C. § 521(a)(1)(B).  As a consequence, as of March 22, 2020, the 46th day of the case, the case became subject to automatic dismissal under 11 U.S.C. § 521(i)(1) upon the request of a party in interest filed under § 521(i)(2) unless the court were to grant Wood an extension under § 521(i)(3) to file the required documents (or the court were to direct that the

documents required by § 521(a)(1)(B) need not be filed).[1]  Wood has also not filed a Chapter 13 plan.

On March 17, 2020, forty-one days after the commencement of this case, Wood filed his third motion (Dkt. No. 24) to extend the deadline for filing a Chapter 13 plan and related schedules, seeking until April 30, 2020, to file those documents.  The original deadline of February 19, 2020, was extended to February 28, 2020, and then to March 10, 2020.  The meeting of creditors was set for March 16, 2020, the day before Wood filed his motion.

Wood filed this case on February 5, 2020, the same day this court issued an *Order Denying Motion to Vacate Dismissal* of his prior case (Dkt. No. 24 in Case No. 19-00238).  That prior case was dismissed on April 29, 2019, for failure to pay the filing fee (Dkt. No. 15 in Case No. 19-00238).  As the court noted in

---

[1]  Under LBR 1017-2(b), a motion under § 521(i)(2) usually must be filed within 21 days after a case becomes subject to automatic dismissal on the 46th day of the case; but the court may exercise discretion to grant the motion even if it is filed later.  Here that 21st day would fall on April 12, 2020 (21 days after March 22, 2020, the 46th day after the commencement of the case).

Sometimes the trustee and creditors in a case are able to proceed without the necessity of all of the documents required by 11 U.S.C. § 521(a)(1)(B) having been filed.  (That does not appear to be the case here.)  The 21-day deadline of LBR 1017-2(b) for filing a motion for dismissal under § 521(i)(2) guards against an entity belatedly seeking in bad faith to have the case dismissed.  For example, when, well into the case, a trustee has sued to avoid and recover a preference, the 21-day deadline prevents the defendant-creditor in the preference action from invoking § 521(i)(2) to obtain a dismissal of the case and escape preference liability.

its *Order Denying Motion to Vacate Dismissal*, Wood also failed to

file a Chapter 13 plan or related schedules in the prior case.

In light of the prior case, the automatic stay in this case has

terminated under 11 U.S.C. § 362(c)(3)(A).

Wood listed only one creditor in this case.  Even if Wood

had difficulty completing his schedules, he ought to have been

readily able to have filed a plan by now, and his motion does not

show that his failure to file a plan by March 10, 2020, was the

result of excusable neglect.  That delay in filing a plan is

prejudicial to creditors: without a plan in place, there are no

plan payments proposed that under 11 U.S.C. § 1326(a)(1) must

have commenced within 30 days after the commencement of the case

(in this case, by March 6, 2020).

Moreover, despite the coronavirus pandemic now causing major

disruptions, the pandemic had not yet caused major and widespread

disruptions in the Washington, D.C. area as of March 10, 2020.

Prior to March 10, 2020, Wood ought to have been gathering needed

information to prepare schedules by March 10, 2020.  Wood does

not contend that his failure to file a plan and schedules by

March 10, 2020, was caused by the pandemic—only that the pandemic

has now caused him delay in preparing the required papers,

stating: "This has shuttered my ability to get info I need to

submit the said paperwork."  Without schedules being filed, the

meeting of creditors (which was scheduled for March 16, 2020)

could not be conducted effectively.

Wood's motion does not show excusable neglect as required by Fed. R. Bankr. P. 9006(b)(1) in order to be eligible for an extension of time.  The denial of Wood's motion will subject the case to the right of a party in interest to obtain a dismissal of the case under § 521(i)(2).  That is because a motion under 11 U.S.C. § 521(i)(3) to extend the deadline for filing schedules and other papers required by § 521(a)(1)(B) (in order to make the case not subject to automatic dismissal) is necessarily subject to the standards of Rule 9006(b)(1) for an extension of time.

In light of the foregoing, it is

ORDERED that Wood's third motion (Dkt. No. 24) to extend the deadline for filing a Chapter 13 plan and related schedules is DENIED.

[Signed and dated above.]

Copies to: Debtor; Recipients of e-notification of orders.